PEOPLE OF PORTO RICO EX REL. JOSÉ VÍCTOR BOSCH, JOSÉ A. IRIZARRY, PABLO FONT, PEDRO BOSCH, FELIPE ROMERO and RAFAEL MUÑOZ RAMOS, Plaintiff and Appellee, *v.* FRANCISCO PIETRI-MARIANI, Defendant and Appellant.

No. 3533.—Argued April 28, 1925.—Decided July 24, 1925.

QUO WARRANTO—RES JUDICATA.—When in a *quo warranto* proceeding the question of whether the defendant, alleged to be a French citizen, could be

mayor for a period that expired at a specified date is raised, the only issue that may be properly submitted to the court is his right to the office, but not his citizenship which, therefore, is not *res judicata*.

District Court of Ponce, R. Díaz Cintrón, J.  Judgment sustaining a *quo warranto* petition with costs.  *Affirmed.*

*Leopoldo Tormes García* for the appellant.  *José Rosario Gelpí* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant by virtue of a writ of *quo warranto* filed in the District Court of Ponce was removed from office. He appeals and assigns ten errors.

Since the appellant appealed an election has taken place in Porto Rico and therefore a reversal of the judgment could not restore the appellant to the position he once occupied.  The appellant practically concedes this in his tenth assignment of error, but maintains substantially that there was a question of fact involved, which has seriously affected him and his rights, viz: that the case decided that the appellant was a French citizen and not a citizen of Porto Rico and of the United States.

The judgment of the District Court of Ponce, finding that petitioner was a French citizen, would be conclusive for the appellant only in a suit to test his right to be mayor of the city of Adjuntas for the term expiring in January, 1925.  The judgment of the District Court of Ponce would not be conclusive against him on the matter of citizenship in a suit filed by any one else against him or a suit begun by him against any one else.  The judgment could not even be conclusive if the appellant stood again for the position of mayor of Adjuntas.  The principle of *res adjudicata* applies only to suits between the same parties over the same cause of action, and any fact involved in said action between the same parties.

The only justiciable fact involved in this case was whether the appellant, alleged to be a French citizen, could be the mayor of Adjuntas for a period that expired in January;

1925. His citizenship was not such a justiciable fact, as the People of Porto Rico has no interest in declaring him not to be a citizen of the United States. The interest was and the issue was his right to the office.

As the appeal involves no substantial question and as the reversal could not restore the appellant to his position, the judgment must be affirmed.